IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 07-2094 JB

JUAN ROSALES-RODRIGUEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed December 26, 2007 (Doc. 15). The Court held a sentencing hearing on January 17, 2007. The primary issues are: (i) whether the Court should accept the parties' rule 11(c)(1)(C) Fast-Track Plea Agreement; and (ii) whether the Court should sentence Defendant Juan Rosales-Rodriguez at the low end of the advisory guideline range. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will grant the request in the Defendant's Sentencing Memorandum that the Court sentence Rosales-Rodriguez to 18 months. The Court has considered the advisory Guideline range that the plea agreement and the Presentence Investigative Report ("PSR") recommends, and, after also taking into account other sentencing factors, believes that a sentence at the low end of the Guideline range, 18 months, is a reasonable sentence.

**FACTUAL BACKGROUND**

This case is appropriately understood against a tragic background. Regarding Rosales-Rodriguez' personal history, at the age of five years old, Rosales-Rodriguez' mother abandoned him with her maternal grandmother. See PSR ¶¶ 48, 49, at 20, disclosed December 11, 2007. Rosales-

Rodriguez did not remain long with this family, as he felt that he was mistreated because of his rural background.  See id. ¶ 49, at 20.

Starting at the age of seven, Rosales-Rodriguez essentially lived on his own, on the streets of Hidalgo, Mexico and many other towns and cities.  See id. ¶ 51, at 21.  Rosales-Rodriguez survived by selling gum, shining shoes, or doing whatever else to generate enough money for a day's meal.  See Defendant's Sentencing Memorandum ¶ 5, at 2, filed December 26, 2007 (Doc. 15)("Sentencing Memo.").  Not surprisingly, Rosales-Rodriguez moved from town to town, and by the time he was in his teens, he had experimented with, and grew to be addicted to, controlled substances.  See id.

As reflected in the PSR, Rosales-Rodriguez has an extensive criminal history, with nine criminal convictions and various other arrests.  See PSR ¶¶ 21-46, at 5-20.  The majority of these entries pertain to drug-related offenses, and reflect a long-standing addiction to controlled substances.  See, e.g., PSR ¶¶ 22-26, 28, 35, at 7-13, 15-16, 17.  Paragraphs 22, 23, 24, 25, and 26, while reflecting distinct arrests and convictions, all pertain to possession of a controlled substance, and all encompass the same or very similar procedural history.  See PSR ¶¶ 22-26, at 7-13.  In this sense, then, paragraphs 22, 23, 24, 25, and 26 can be viewed as a continuing criminal episode, spanning approximately eight months in 2002.  See Sentencing Memo. ¶ 4, at 2.

## PROCEDURAL BACKGROUND

On or about October 18, 2007, Rosales-Rodriguez pleaded guilty to an indictment that charged a violation of 8 U.S.C. §§ 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2).  See Fast Track Plea Agreement, filed October 18, 2007 (Doc. 12)("Fast Track Plea Agreement").  Paragraph 4(g) of the Fast-Track Plea Agreement that Rosales-Rodriguez signed states:

In return for the Government's agreement to depart from Defendant's Base Offense

>Level, the **Defendant agrees not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category as determined by the Court,** through motion or by argument at sentencing pursuant to 18 U.S.C. §§ 3553(a)(1-7), United States v. Booker, 543 U.S. 220 (2005), or otherwise.

Fast-Track Plea Agreement ¶ 4(g) at 3-4 (emphasis in original).

Under the United States Sentencing Guidelines, the base offense level for this offense is 8. See U.S.S.G. § 2L1.2. The Pre-sentence Investigative Report has assigned a 4-level upward adjustment based on Rosales-Rodriguez' 2003 conviction for Resisting Executive Officer. See PSR ¶ 12, at 5. After a 2-level downward adjustment for acceptance of responsibility, pursuant to the Fast-Track program of the United States Attorney's Office, and rule 11(c)(1)(C) of the Rules of Criminal Procedure, Rosales-Rodriguez' final offense level is 9. See PSR ¶ 19, at 5.

Based on his criminal history, Rosales-Rodriguez has received 12 criminal history points, thereby placing him in a criminal history category V. See PSR, Part D, Sentencing Options, at 25. The convictions in paragraphs 22, 23, 24, 25, and 26 result in 7 criminal history points. See PSR ¶¶ 22-26, at 7-12. At Criminal History Category V, Rosales-Rodriguez' sentencing range is 18 to 24 months. See PSR at 25.

The United States represents that it has reviewed the PSR, and agrees with the analysis and position stated therein. See United States' Response to Sentencing Memorandum filed December 26, 2007 (Doc. 15), filed December 27, 2007 (Doc. 16)("Response"). The United States recommends that Rosales-Rodriguez receive a sentence at the low end of the suggested Guideline range. See Plea Agreement ¶ 4(f), at 3. Rosales-Rodriguez has submitted a sentencing memorandum. See Sentencing Memo. Rosales-Rodriguez accepts that his final offense level is 9, based upon the Plea and Disposition Agreement and Fast-Track Program, and acknowledges that his criminal history category is V. See id. ¶ 6, at 2-3. Rosales-Rodriguez requests a sentence at the

low end of the proposed Guideline range, or 18 months.  See id. at 3.

## ANALYSIS

A sentence of 18 months is consistent with the Fast-Track Plea Agreement and the United States' recommendation that Rosales-Rodriguez receive a sentence at the low end of the suggested Guideline range.  The Court has considered the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes that the punishment set forth in the advisory Guideline, after the downward departure for accepting the Fast-Track plea offer, is appropriate for this offense.  The Court then considered the kinds of sentences and ranges that the advisory Guidelines establish, and the Court believes a sentence at the low end of the Guideline range is reasonable and appropriate.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum that the Court sentence him to 18 months is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney for the
    District of New Mexico
Rhonda P. Backinoff
Elaine Ramirez
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

John F. Robbenhaar
Albuquerque, New Mexico

   *Attorney for the Defendant*